UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REAL T, LLC                                          CIVIL ACTION

VERSUS                                               NO. 07-8754

STATE FARM FIRE & CASUALTY COMPANY                   SECTION "B"(3)


ORDER AND REASONS

Plaintiff moves to remand this cause of action to the Civil
District Court for the Parish of Orleans.  Rec. Doc. No. 5.  After
review of the pleadings and applicable law, and for the reasons
that follow,

It is **ORDERED** that Plaintiff's Motion is **GRANTED**, remanding
this case to the state court.


A defendant may generally remove a civil action filed in state
court if the federal court would have had original jurisdiction.
*See* 28 U.S.C. § 1441(a).  The district court must however remand
that case if at any time before final judgment it appears that the
district court lacks subject matter jurisdiction.  28 U.S.C. §
1447(c).  The party opposing remand bears a burden to show by a
preponderance of the evidence that federal jurisdiction is proper.
*See, e.g. Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864,
869 (5th Cir. 202), *Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276

1

F. 3d 720, 723 (5th Cir. 2002), *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Where diversity of citizenship exists, the amount in controversy requirement "...is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno*, 276 F.3d at 723 (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d 848, 850 (5th Cir. 1990)).  State Farm argues that it successfully demonstrated within its Notice of Removal (Rec. Doc. No. 1) that the petition exceeded $75,000 on its face by asserting that Plaintiffs seek performance on an unpaid insurance policy balance of $86,534.93 plus consequential damages, penalties and attorney's fees (Rec. Doc. No. 1 at 3.).  When considering the amount in controversy for purposes of jurisdiction, attorney's fees and penalties may be aggregated. *See, e.g. Chevron*, 309 F.3d 864 at 876.

State Farm further claims this Court should as a matter of policy deprecate legal mechanisms designed to preclude federal jurisdiction where such jurisdiction would otherwise be appropriate. Rec. Doc. No. 6 at 1.  The Fifth Circuit has previously recognized this concern, along with the underlying issue that Louisiana courts do not limit amounts recovered to damage

claimed, and in *De Aguilar* instituted a rule to address it: once a defendant proves the amount in controversy is greater than the jurisdictional limit, to successfully challenge remand the plaintiff must then "...be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." 47 F. 3d at 1411.

In absence of a state statute limiting damages, or a claim for a specific damage amount, "A binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction...." *Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138 (5th Cir. 2001), *see also Tervalon v. State Farm Fire & Cas.Co.*, 2008 WL 4657274, *1 (E.D. La. 2008), *Hatcher v. Colonial Penn Life Ins. Co*. 2006 WL 197031, *1 (E.D. La. 2006). A plaintiff seeking remand in this manner must file such stipulation with their complaints, precluding recovery in excess of $75,000. *id.* at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). Plaintiff Real T argues that it has provided a sufficiently clear and binding stipulation in its original Petition, reading,

> **PETITIONERS STIPULATE THAT ALL CAUSES OF ACTION HEREIN DO NOT EXCEED $75,000, EXCLUSIVE OF COSTS AND INTEREST, AND PETITIONERS WAIVE THEIR RIGHT TO COLLECT ANY AMOUNT IN EXCESS OF $75,000 EXCLUSIVE OF COSTS AND INTEREST, FROM ANY JUDGMENT ISSUED HEREIN.**
> Rec Doc. No. 502 at 2, Rec. Doc. No. 5-3, 1.

(Bold and capitals in original).

State Farm responds that this waiver is unsatisfactory to the extent that it does not explicitly encompass attorney's fees and penalties. Rec. Doc. No. 6 at 2. Further, "State Farm does not oppose remand if Plaintiff will submit an affidavit or binding stipulation clarifying that the total amount sought by it, including penalties and attorneys fees, but exclusive of interests or costs, will not exceed $75,000." *id.* at 4.

The question therefore before this Court is whether a binding disclaimer waiving the right to collect "any amount" is sufficiently clear as to damages and attorneys' fees. The word "any" is not a term of art such that it might be thought inclusive of all recompense **save** attorneys' fees; nor do the waivers which the Court has thus far found acceptable typically make explicit reference to attorneys' fees or penalties. While the waiver in *Hatcher* more fully expounded upon the "binding and irrevocable" nature of the document; and repudiated any right to "seek and accept" an award greater than $75,000, 2006 WL 197031 at *3; there is nothing to suggest these recitations are strictly necessary when the scope of the stipulation can be understood within its normal reading. In contrast, the *Tervalon* Court found acceptable the mere statement that, "all causes of action herein do not exceed $75,000." 2008 WL 4657274 at *1.

4

The stipulation in question was properly brought within the original Petition.  It is sufficiently binding upon the Plaintiff such that it voluntarily, permanently, and irrevocably waives any potential right to seek, collect, or enforce damages in excess of $75,000 inclusive of all actual damages, attorneys' fees and penalties; and is solely exclusive of fees and costs as required by statute.  Remand is proper under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 14th day of November, 2008.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT COURT